SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**Manuel Guaman, et al. v. Jennifer Velez, Commissioner of New Jersey Department of Human Services, et al.**
**(A-87-13) (073371)**

**(NOTE :   The Court did not write a plenary opinion in this case.  Instead, the Court affirms the judgment of the Appellate Division, substantially for the reasons expressed in Judge Reisner's majority opinion reported at 432 N.J. Super. 230 (App. Div. 2013).  Two members of the Court dissent, substantially for the reasons expressed in Judge Harris's dissenting opinion reported at 432 N.J. Super. 230, 249 (App. Div. 2013).)**

**Argued February 2, 2015 -- Decided March 30, 2015**

**PER CURIAM**

In this appeal, the Court considers whether, consistent with the United States Constitution and the New Jersey Constitution, the State may eliminate state-funded Medicaid benefits for adult legal permanent resident aliens who, because they do not meet the federal five-year residency requirement set forth in the Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA), 8 U.S.C. §§ 1601-1646, do not qualify for federally-funded Medicaid benefits.

In 1996, Congress enacted PRWORA, intending to reduce the impact of "aliens . . . applying for and receiving public benefits from Federal, State, and local governments at increasing rates."  8 U.S.C. § 1601(3).  PRWORA, in part, excludes lawfully admitted permanent resident aliens from receiving any Federal means-tested public benefit for a period of five years following their entry into the United States.  8 U.S.C. § 1613(a).

New Jersey responded to PRWORA by excluding legal aliens from the Medicaid program unless they satisfied the Federal five-year residency requirement.  In 2005, however, the State deleted the residency requirement in light of findings that limiting State subsidized healthcare coverage had resulted in increased costs for emergency hospital charity care.  In 2010, due to a budget crisis, the Senate reinstated the five-year residency requirement for most adult legal aliens, continuing to provide coverage only for legal aliens who were pregnant women or children under the age of nineteen and for existing enrollees receiving on-going life sustaining treatment or treatment for life threatening illnesses.  Additionally, per Medicaid Communication 10-01 and N.J.A.C. 10:78-3.2, legal resident aliens who did not meet the residency requirement were terminated from enrollment in the NJ FamilyCare Program, a state-funded Medicaid program offering subsidized health insurance to qualifying low-income adults and children.

On January 11, 2011, the Appellate Division granted plaintiffs, who are legal resident aliens who have resided in this country for less than five years, leave to file a motion for emergent relief seeking to enjoin the enforcement of the termination of their enrollment in FamilyCare.  Plaintiffs contended, in part, that the termination of their benefits violates the equal protection guarantees of the Federal and State Constitutions.  On July 12, 2011, the Appellate Division denied plaintiffs' motion for a preliminary injunction, Guaman v. Velez, 421 N.J. Super. 239 (App. Div. 2011) (Guaman I), and this Court denied plaintiffs' motion for leave to appeal.

On August 13, 2013, the Appellate Division issued a published opinion affirming the adoption and amendment of the relevant regulations and finding that the challenged policy does not violate either the Federal or State Constitutions.  Guaman v. Velez, 432 N.J. Super. 230 (2013) (Guaman II).  The panel noted that it agreed with the legal analysis in Guaman I and that the opinions should be read together.  It further explained that, although discrimination against aliens ordinarily must be justified under a strict scrutiny standard of review, Congress's broad constitutional power over immigration means that the rational basis standard of review applies to Congressional enactments affecting immigrants and to state enactments authorized by a uniform federal policy.  In support of this conclusion, the panel referred to Mathews v. Diaz, 426 U.S. 67 (1976), in which the United States Supreme Court reinforced the deference due to Congress's authority over immigration-related benefit issues, noting that, not only

may Congress treat aliens differently from citizens, but it may differentiate between different classes of aliens in determining how to distribute welfare benefits. The Court also determined that it is unquestionably reasonable for Congress to base an alien's eligibility on the character and duration of his residence. Likewise, in Plyler v. Doe, 457 U.S. 202 (1982), the Court determined that if the Federal Government issued a uniform rule prescribing appropriate standards for the treatment of an alien subclass, states may follow that direction.

Considering the "uniform rule" doctrine in the context of PRWORA, the Appellate Division panel noted that 8 U.S.C. § 1601(7) expresses Congress's finding that important national immigration policy is furthered by state statutes that follow the Federal classification in determining the eligibility of aliens for public assistance. The panel points out that Congress's decision to leave the states some discretion to fund healthcare coverage for non-qualifying aliens does not necessarily mean that it created a "non-uniform" system. The question, then, is whether this statement of national policy, viewed in light of the overall structure of Medicaid, is sufficiently "uniform" to constitutionally authorize states to follow Congress's policy choice.

Viewing the uniform rule through a broad lens, the panel determined that when states conclude that they cannot afford to provide state Medicaid or Medicaid-like benefits to aliens, they are implementing Congress's choice that recent immigrants should not unduly burden the public treasury. Moreover, in the face of a congressional decision to cut off funding for a group of aliens, states cannot be required to restore that coverage using solely state funds. Here, there is no dispute that the State opted to exclude legal resident aliens from FamilyCare for solely financial reasons, rather than some invidious discriminatory purpose. Thus, the panel held that the State's action was authorized by PRWORA, falling "within the umbrella of the uniform policies articulated in § 1601," and that neither the Federal nor State Constitutions bar the State from acting consistent with PRWORA by denying Medicaid benefits to legal aliens who do not meet the five-year residency requirement.

Judge Harris dissented, unable to reconcile the termination of long-provided, state-funded health insurance benefits for thousands of impoverished resident aliens with the principles of equality guaranteed by the Federal and State Constitutions. Specifically, Judge Harris does not agree that the State's residency requirement is immunized by its mirroring of federal objectives, correspondence to an identifiable congressional policy, or harmony with the federal program. Consequently, Judge Harris would deem the regulations unconstitutional and would remand to the trial court to fashion appropriate remedies.

Plaintiffs appealed as of right.

**HELD:** The judgment of the Appellate Division is **AFFIRMED**, substantially for the reasons expressed in Judge Reisner's majority opinion.

**CHIEF JUSTICE RABNER and JUSTICE ALBIN dissent**, substantially for the reasons expressed in Judge Harris's dissenting opinion.

**JUSTICES LaVECCHIA, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in this opinion. CHIEF JUSTICE RABNER and JUSTICE ALBIN dissent. JUDGE CUFF (temporarily assigned) did not participate.**

MANUEL GUAMAN, MARIA GUAMAN,
NADIA CHERY, DEYINIRA
VALENZUELA, ROSA RODRIGUEZ
and KEITHION BLAKE,

     Plaintiffs-Appellants,

        v.

JENNIFER VELEZ, COMMISSIONER
OF NEW JERSEY DEPARTMENT OF
HUMAN SERVICES and JOHN GUHL,
DIRECTOR OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

     Defendants-Respondents.

Argued February 2, 2015 – Decided March 30, 2015

On appeal from the Superior Court, Appellate Division, whose opinion is reported at 432 N.J. Super. 230 (App. Div. 2013).

Jennifer B. Condon argued the cause for appellants (Seton Hall University School of Law Center for Social Justice and Gibbons, attorneys; Ms. Condon, Lawrence S. Lustberg, Benjamin Yaster, Clarissa A. Gomez, and Saiju George, on the briefs).

Melissa H. Raksa, Assistant Attorney General, argued the cause for respondents (John J. Hoffman, Acting Attorney General of New Jersey, attorney; Molly A. Moynihan, Deputy Attorney General, on the brief).

Ronald K. Chen argued the cause for amicus curiae American Civil Liberties Union of New Jersey (Rutgers Constitutional Litigation Clinic Center for Law & Justice, attorneys; Mr. Chen, Edward L. Barocas, Jeanne M.

1

LoCicero, and Alexander R. Shalom, of counsel and on the brief).

John C. Kelly and Judah Skoff submitted a brief on behalf of amici curiae New Jersey Appleseed Public Interest Law Center, New Jersey Policy Perspective, New Jersey Citizen Action, State Parent Advocacy Network, Family Voices of New Jersey, Next Step, New Jersey Working Families Alliance, Blue Wave, South Jersey Chapter of the National Organization of Women, The Unitarian Universalist Legislative Ministry of New Jersey, The Lutheran Office of Governmental Ministry in New Jersey, Latino Action Network, and Democracia (McCarter & English, attorneys).

PER CURIAM

The judgment of the Appellate Division is affirmed, substantially for the reasons expressed in Judge Reisner's majority opinion reported at 432 N.J. Super. 230 (App. Div. 2013).

CHIEF JUSTICE RABNER and JUSTICE ALBIN dissent substantially for the reasons expressed in Judge Harris's dissenting opinion reported at 432 N.J. Super. 230, 249 (App. Div. 2013).

JUSTICES LaVECCHIA, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in this opinion. CHIEF JUSTICE RABNER and JUSTICE ALBIN dissent. JUDGE CUFF (temporarily assigned) did not participate.

2

SUPREME COURT OF NEW JERSEY

NO. ___A-87___                    SEPTEMBER TERM 2013

ON APPEAL FROM _____Appellate Division, Superior Court_____

MANUEL GUAMAN, MARIA GUAMAN,
NADIA CHERY, DEYINIRA
VALENZUELA, ROSE RODRIGUEZ
and KEITHION BLAKE,

      Plaintiffs-Appellants,

             v.

JENNIFER VELEZ, COMMISSIONER
OF NEW JERSEY DEPARTMENT OF
HUMAN SERVICES and JOHN GUHL,
DIRECTOR OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES,

      Defendants-Respondents.


DECIDED _____March 30, 2015_____

      Chief Justice Rabner_____ PRESIDING

OPINION BY _____Per Curiam_____

CONCURRING/DISSENTING OPINION BY _____

DISSENT ___CHIEF JUSTICE RABNER and JUSTICE ALBIN___

| CHECKLIST | AFFIRM | REVERSE |
|---|---|---|
| CHIEF JUSTICE RABNER | | X |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | | X |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | ----------------------- | ----------------------- |
| | 4 | 2 |

1